UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-20130 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| JACOREY WARREN, | |
| Defendant. | |
| _____/ | |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY (ECF No. 27)**

**I.    INTRODUCTION**

Before the court is Defendant Jacorey Warren's motion for release from custody.  (ECF No. 27).  Warren is presently serving a 120-month sentence in federal prison after pleading guilty to one count of distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(viii).  (ECF No. 26).

This court entered the judgment memorializing Warren's May 11, 2021 sentence on May 14, 2021.  (ECF No. 26).  Days later, Warren filed a motion for compassionate release, based on a positive COVID-19 test on May 3, 2021, before sentence was imposed.  (ECF No. 27).  The Government opposes Warren's motion.  (ECF No. 28).  The court ordered the Government to supplement its

1

response to provide missing medical records and to update the court on whether Warren has received the COVID-19 vaccine. (ECF No. 30). The Government has done so. (ECF Nos. 31-32). For the reasons set forth below, the court **DENIES** Warren's motion.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582, a district court is permitted to consider requests for compassionate release, as an exception to the general rule that courts "may not modify a term of imprisonment once it has been imposed." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). A defendant may file such a request after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days [] whichever is earlier." 18 U.S.C. § 3582(a). For defendants under 70 years of age, the court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors set forth in section 3553(a)." U.S.C. § 3582(c)(1)(A). However, where a defendant does not demonstrate any extraordinary or compelling reasons to reduce his sentence, the court need not analyze whether a sentence reduction is appropriate under § 3553(a). *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the

three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Since this motion was filed, the United States Court of Appeals for the Sixth Circuit has clarified the law governing COVID-19 related compassionate release motions. In *United States v. Lemons*, the court held that when a defendant "has access to the COVID-19 vaccine," incarceration during the COVID-19 pandemic and potential exposure to the virus "does not present an extraordinary and compelling reason warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021). The Court of Appeals also acknowledged that a prisoner who is "unable to receive or benefit from a vaccine" may still be able to show "extraordinary and compelling reasons" warranting a sentence reduction. *Id*. (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (Easterbrook, J.)). But if a prisoner fails to present "a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id*. (citing *Ugbah*, 4 F.4th at 597; *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.")); *see also United States v. Traylor*, 16 F.4th

3

485, 486 (6th Cir. 2021) (The court affirmed a district court's denial of a motion for compassionate release based on the defendant's underlying medical conditions where the defendant had access to the COVID-19 vaccine, thus "significantly reducing her risk of contracting and becoming severely ill from COVID-19.").

### III. DISCUSSION

Here, Warren argues that his COVID-19 diagnosis at Clare County Jail, along with the outbreak there, present "extraordinary and compelling reasons" under U.S.C. § 3582(c)(1)(A)(i) warranting a reduction in his sentence. Warren does not identify any underlying health issues or other factors that would put him at risk for serious or severe COVID-19 illness. He also does not address the factors in 18 U.S.C. § 3553(a). The Government opposes the motion, pointing out the lack of any underlying medical condition that places Warren at higher risk of serious illness and there is no indication that he suffered from any severe effects from illness, as evidenced in his jail medical records. (ECF No. 32-1). The Government also points out that Warren's jail medical records and the Pre-Sentence Report confirm that he does not suffer from any serious medical conditions, was in good physical health and on no medications. (ECF No. 32-1). Warren's BOP medical records indicate that he reported a history of childhood-onset asthma and a heart murmur diagnosed at birth. (ECF No. 32-2, p.33). However, Warren does not appear to have or use an inhaler for asthma treatment or

4

to use any other medications, and no murmur appears to have been indicated upon examination at the BOP. *Id*. at 20, 33, 35.

As an initial matter, the government does not claim that Warren failed to exhaust his administrative remedies and accordingly, this court assumes for purposes of this motion without making an express finding that Warren has done so and that this motion is not precluded. However, in line with the Sixth Circuit's holdings in *Lemons* and *Traylor*, the continued COVID-19 pandemic and Warren's past COVID-19 infection do not represent an extraordinary or compelling reason warranting a sentence reduction. At the time of the filing of the motion and response, Warren was housed at the Clare County Jail. He is now housed at Milan FCI. *See* https://www.bop.gov/inmateloc//index.jsp (last accessed 12/8/21). According to the most recent guidance from the Bureau of Prisoners, vaccinations are available to all inmates at federal prisons. *See* https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf (last accessed 12/8/21). And, Warren's BOP medical records show that he was offered, and refused, the COVID-19 vaccine. (ECF No. 32-2, PageID.222, 235). Just as in *Lemons*, denial is appropriate here because Warren has access to a COVID-19 vaccine and has refused the offer to be vaccinated. *See United States v. Culp*, 2021 WL 5834312, at *1 (E.D. Mich. Dec. 9, 2021) ("Thus, because the vaccine was made available to [defendant], and he refused to be vaccinated, his

5

potential exposure to COVID-19 while in custody 'does not present an extraordinary and compelling reason warranting' his release.") (quoting *Lemons*, 15 F.4th at 751). Further, the court notes that Warren has not offered any compelling reason justifying his refusal to be vaccinated. Thus, granting his motion would be an abuse of this court's discretion. *See Lemons*, 15 F.4th at 751.

The court also notes that there are currently only eight inmates at Milan FCI with an active COVID-19 infection and only two staff are infected, *see* https://www.bop.gov/coronavirus/ (last accessed 02/14/22), which provides further support for the conclusion that there are not "extraordinary and compelling reasons" warranting his release. *See United States v. Fowler*, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (citing *United States v. Bass*, 17 F.4th 629, 641-42 (6th Cir. 2021) (stating that the court should consider current COVID-19 conditions in the prison)). These numbers persuasively suggest that prison authorities have substantially reduced the risk of spread and exposure to COVID-19 through their mitigation policies, including the vaccination of other inmates. *See United States v. Ashrafkhan*, 2021 WL 2431716, at *3 (E.D. Mich. June 15, 2021). Accordingly, the risk of future infection does not present an extraordinary and compelling circumstance warranting a reduction in Warren's sentence.

Because Warren has not demonstrated extraordinary and compelling reasons to reduce his sentence, the court need not analyze the relevant section 3553(a)

6

factors. *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021).

## IV. CONCLUSION

For the reasons set forth above, defendant's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED**.

s/Stephanie Dawkins Davis<br>Stephanie Dawkins Davis<br>United States District Court Judge

Dated:	February 14, 2022